Green, J.
delivered the opinion of the court.
This is an action of debt to recover one hundred and fifty dollars, the tax assessed by the corporation aforesaid for the year 1837, upon the defendant, as the keeper of a grocery for the retail of spirituous liquors in the town of Columbia. The ordinance laying the tax, was passed thü 19th of April, 1837, and is as follows: “Be it ordained by the authority aforesaid, that a tax of one hundred and fifty dollars be and the same is hereby levied upon each and every grocery, confectionary or coffee house within the limits of this corporation that may be opened at this time, or that may at any time hereafter be opened during the present corporate year for the purpose of retailing spirituous liquors by measure, drink or otherwise, to be paid in cash for the use and benefit of this corporation.”
The defendant pleaded, first, nil debet, to which there was anissue; secondly, thathe soldliquors byvirtueof an authority and license under the laws of this State. To this plea the plaintiff demurred. The third plea alleges that the tax of one hundred and fifty dollars is oppressive and unequal. To this plea there is a demurrer. The fourth plea alleges that the Mayor and Aldermen, in imposing the tax, regarded the *240 privilege of selling liquor not as a lawful trade but as a vice. rj,Q pjea tiiere was a demurrer. The fifth plea alleges that wag imposed with a view to prohibit the defendant from pursuing a lawful occupation, and not for the purpose of raising a revenue. To this plea there is a demurrer. The sixth plea alleges that the tax was not laid to cany any necessary measure into operation; and the seventh plea says the corporation had no power to pass the ordinance; to each of which there are demurrers. The court gave judgment upon the demurrer for the defendant on the ground that the declaration does not set out a good cause .of action. From this judgment the plaintiff appealed to this court.
The charter of the corporation of Columbia, October, 1817, ch. 143, sec. 2, expressly confers the power on the corporation to lay and collect taxes. The constitution, article 2, section 28, empowers the legislature to tax’privileges in such manner as they from time to time may direct. By the act of 1835, ch. 13, sec. 4, retailing spirituous liquors is made a “privilege,” and taxed as such.
There is no question then but that the corporation had the right to tax tippling houses to some extent. The power to lay this tax, if it exist at all, must be drawn from the direct taxing power ©inferred in the charter. It cannot be derived from the power to regulate and restrain tippling houses,. That must be done by such ordinances as will prevent these houses from becoming disorderly, and imposing penalties for the infraction of such laws. The taxing power could only have been exercised ip reference to this trade as a lawful oc-, cupation, affording to the persons who follow it a profit which would make it proper they should pay a tax for the privilege, By the 28th section of the 2d article of the constitution it is provided that all property shall be taxed according to its value, and that no one species of property from which a tax may be collected shall be taxed higher than any other species of property of equal value; but the legislature may tax privileges as they may from time to time direct. The 29th section of the same article provides that counties and corporations “shall tax property according to its value, upon the principles established in regard to State taxation.” Nothing *241 is said in this section in regard to privileges, and therefore ^ ^ ^ they are left, in regard to them, to the exercise of a discretion. It would be safe t<3 conform the exercise of this power to the principles established in regard to State taxation} and to tax privileges in the proportion they pay to the State. But a want of exact conformity in this respect would not make the tax void, for the legislature may tax privileges in what proportion they choose, and so may corporations, provided the inequality be not such as to make it oppressive on a particular class of the community. A by-law for oppression is void. Angel and Ames, 184.
If, in this case, it were shown by the pleadings what amount of revenue was needed in Columbia for carrying necessary measures into operation for the benefit of the town, and what tax was paid for property, and what for other privileges, and thus it were made to appear that the taxes were so unequal as to make this an oppressive tax, we should have no difficulty in declaring the ordinance by which it is levied void. But this is not the case, and we cannot act upon what we may suppose the fact to be. For ought we know, expensive improvements are in progress, and other privileges are also paying high taxes. The general statement, in the third plea, that the tax is oppressive and unequal, is not an allegation of facts from which the court can say it is oppressive and void. The other pleas, to which there are demurrers, are manifestly bad.
We think, therefore, that the declaration contains the statement of a good cause of action, and that no one of the pleas to which the plaintiff demurred constitutes a good de-fence to it, and therefore the court erred in giving judgment for the defendant.
Reverse the judgment and remand the cause to be proceeded in.